**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIONEL ANDRÉS MESSI CUCCITTINI and LMGM, SLU,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>    Defendants. | Case No. 26-cv-02468 |

**DECLARATION OF HOU YINGCHUN IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR ORDER GRANTING PERMISSION TO EFFECTUATE SERVICE OF PROCESS**
**BY E-MAIL AND ELECTRONIC PUBLICATION**

I, Hou Yingchun, declare and state as follows:

1.      I am over 18 years of age, and I have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiffs' application for entry of an Order to Show Cause with temporary restraints, and other relief, including permission to effectuate service of process by e-mail and electronic publication (the "Application"). If called upon to testify, I could and would competently do so to the following facts set forth below.

2.      I am the Operations Manager for Panoramic Consulting Ltd. ("Panoramic"). Our firm specializes in leveraging public records searches, big-data analysis, and paid intelligence systems to conduct multi-dimensional background investigations on online store owners, product sources, and logistics traces.  As the Operations Manager, I oversee all operations at Panoramic.

1

3.      Our team has over 15 years of experience conducting searches of online merchants based in China.  Both my team and I are fluent in Mandarin, Cantonese, and English.

4.      Counsel for Plaintiffs LIONEL ANDRÉS MESSI CUCCITTINI and LMGM, SLU (collectively, "Plaintiffs") requested that Panoramic investigate the listed physical addresses and contact information associated with the 77 defendants operating stores on the Temu or Walmart marketplace platforms listed on the Schedule A to the Complaint (collectively, "Defendants"). The purpose of this investigation was to assist in determining whether those Defendants can be served for process at the addresses listed on their respective store pages.

5.      As part of our firm's investigation of those Defendants, our team researched the addresses listed on the respective Defendants' Temu or Walmart storefront home pages (provided by Plaintiffs' counsel) through multiple online registries and search engines, as we do with all investigations of online merchants in China.

6.      Specifically, our team utilized Tianyancha, a computer language learning platform that uses publicly available government data, graph database technology, company backgrounds, actual controllers, and real-time monitoring of changes in companies. Tianyancha also integrates multi-dimensional data and provides basic company registration information as well as in-depth content such as shareholder structure, operating conditions, intellectual property rights, and legal cases about registered Chinese business.

7.      Our team also utilized Baidu.com and Baidu Maps to investigate each of these Defendants. As China's largest search engine, Baidu boasts extensive data coverage and precise matching capabilities, enabling rapid location tracking of target companies and other information. Baidu Maps Open Platform is China's leading intelligent location-based service platform, providing positioning, mapping, and search capabilities. Baidu also aggregates business

information from authoritative platforms such as the National Enterprise Credit Information Publicity System, while Baidu Maps provides specific company location information.

8.      We additionally attempted to identify and contact the phone numbers for each Defendant. Where phone numbers were listed on the Walmart Defendants' home pages, our team attempted direct contact.  For the Temu stores, no phone numbers are listed on storefront home pages, so our team attempted to identify phone numbers for those Defendants through our investigation of those stores' physical addresses.

9.      The physical contact addresses and phone numbers we investigated, along with the results of our investigation, are set forth in detail on the chart attached hereto as **Exhibit 1**.

10.      Our investigation revealed that 25 Defendant stores provided no phone number or physical address on their storefront home pages or business registration records. Our team searched for their contacts through Tianyancha and Baidu. However, we were unable to find any phone number or physical address for these 25 Defendants.

11.      In addition, one Defendant store listed an invalid address on its home page, as the address listed omitted a specific room number for the business.  Further, this store did not list any associated phone number on its storefront home pages or business registrations to contact.

12.      Our team was able to locate and contact 22 Defendant store phone numbers, but in each instance, the individual answering either denied that their business had any affiliation with the Temu or Walmart store in question or informed our team that the relevant store was not located at the address listed on the store's homepage and refused to provide any updated information or identify their role at the company.[1]  Accordingly, our team was unable to verify that any of the listed addresses for these 22 stores are valid for service.

---

[1] Five of these Defendants listed no employees in their registration records available on Tianyancha and Baidu. In our experience, stores with no employees cannot be reliably contacted or served, because there is no identifiable employee

13.     In our experience, businesses that provide an inaccurate, incomplete, or unverifiable address for their businesses cannot be served, as there is no dependable way to contact any representatives and we cannot rely upon the listed address to serve this defendant.

14.     Further, 24 Defendant stores do not list a phone number on their storefront home pages or business registrations. Our team searched for these Defendants' phone numbers through Tianyancha and Baidu, but we were unable to find any contacts for these 24 Defendants.

15.     Four Defendant stores listed phone numbers that could not be verified despite our team's repeated attempts to contact or text the numbers listed in these stores' business registrations. For each of these Defendants, our team placed at least six calls per number, and the calls were not answered. Further, the phone numbers we called did not have a message that provided another way to contact the target stores.[2]

16.     For one other Defendant store, our team could not verify the phone number or listed address because the phone number listed on the store's business registration now indicates the phone number is invalid and does not provide another way to contact the store.

17.     In our experience, businesses that do not provide or confirm a working phone number for their businesses cannot be served, as couriers in China will require a working phone number to ensure their service attempt can be completed. Similarly, it is very difficult to confirm the address for any business that does not provide or confirm its phone numbers, since mailing services in China will be unable to confirm or verify the listed address without a phone number.

---

to contact.  Instead, these stores are often operated by hidden or unknown persons, who will close the store once their illegal behavior is identified, which makes them virtually impossible to serve with documents at a physical address.

[2] One of these Defendants listed no employees in their registration records available on Tianyancha and Baidu.

4

18.    Accordingly, based on our team's investigation, the addresses for the 77 Defendants utilizing the Temu or Walmart marketplaces are not usable for service, and our team was unable to identify other verified addresses for those Defendants for service of process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed the __26_ day of February, 2026 in Hong Kong.

Hou Yingchun