**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIONEL ANDRÉS MESSI CUCCITTINI and LMGM, S.L.U., <br><br>     Plaintiffs, <br><br>   v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br>     Defendants. | Case No. 26-cv-02468 |

**PLAINTIFFS' MOTION TO SEAL**

Plaintiffs LIONEL ANDRÉS MESSI CUCCITTINI and LMGM, S.L.U. (collectively, "Plaintiffs") respectfully submit this application to file under seal the following documents until the hearing on Plaintiffs' Application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue or further order of the Court:

(1)     Plaintiffs' Schedule A attached to the Complaint, which identifies and includes a list of Defendants' online marketplace websites (the "Defendant Internet Stores") and the usernames for the Defendant Internet Stores;

(2)     Screenshot printouts showing the Defendant Internet Stores (Exhibit 2 to the Declaration of Dominik Fourné); and

(3)     Results from Panoramic Consulting Ltd.'s investigation of all Defendant Internet Stores' seller names, URLs, addresses, and phone numbers (Exhibit 1 to the Declaration of Hou Yingchun).

1

Plaintiffs filed redacted versions of the documents publicly and provisionally filed the documents unredacted under seal pending the Court's determination of this motion.

In this action, Plaintiffs are requesting *ex parte* relief based on claims for trademark counterfeiting. Sealing the requested documents is necessary to prevent the Defendants from learning of these proceedings prior to the entry of a temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying lawsuit and would interfere with this Court's power to grant relief. Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiffs will move to unseal this document.

Therefore, Plaintiffs respectfully request that the Court grants Plaintiffs leave to file their Schedule A attached to the Complaint, Exhibit 2 to the Declaration of Dominik Fourné, and Exhibit 1 to the Declaration of Hou Yingchun under seal. *See, e.g.*, *WowWee Grp. Ltd. v. Meirly,* No. 1:18-cv-00706 (S.D.N.Y. Feb. 5, 2018), Dkt. No. 7 (granting application to seal); *Allstar Mktg. v. _GB Housewear Store*, No. 1:17-cv-07596 (S.D.N.Y. Oct. 12, 2017), Dkt. No. 22 (same); *Spin Master Ltd. v. Alan Yuan's Store*, No. 1:17-cv-07422 (S.D.N.Y. Oct. 13, 2017), Dkt. No. 19 (same); *Kipling Apparel Corp. v. Rhys*, No. 1:16-cv-990 (S.D.N.Y. Feb. 17, 2016), Dkt. No. 14 (same).

Dated:   March 25, 2026         Respectfully,

                                */s/ Matthew L. Schwartz*
                                Matthew L. Schwartz
                                Katie Kavanaugh (*pro hac vice application
                                forthcoming*)
                                Christopher Tom
                                Boies Schiller Flexner LLP
                                55 Hudson Yards
                                New York, NY 10001
                                (212) 446-2300
                                mlschwartz@bsfllp.com
                                kkavanaugh@bsfllp.com
                                ctom@bsfllp.com

                                *Attorneys for Plaintiffs LIONEL ANDRÉS MESSI
                                CUCCITTINI and LMGM, S.L.U.*