**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LMGM, S.L.U. and LIONEL ANDRÉS MESSI CUCCITTINI, | Case No. 1:26-cv-02468-ER |
| Plaintiffs, | **Judge Edgardo Ramos** |
| v. | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | |
| Defendants. | |

**AGREED MOTION FOR ENTRY OF A CONSENT JUDGMENT AS TO**
**DEFENDANTS NUMBER 71, 73, 75, AND 76**

This action having been commenced by Plaintiffs LMGM, S.L.U. and LIONEL ANDRÉS MESSI CUCCITTINI ("Plaintiffs") against Defendants Feizon (Defendant No. 71), RiLin (Defendant No. 73), WinSuo (Defendant No. 75), and XURON (Defendant No. 76) (collectively "Defendants"), Plaintiffs and Defendants have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendants since Defendants directly target their business activities towards consumers in the United States, including New York. Specifically, Defendants targeted sales to New York residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including New York, accept payment in U.S. dollars, and have sold products using infringing and counterfeit versions of the LMGM Trademark (the "Unauthorized LMGM Products") to residents of New York. The LMGM Trademark is as follows:

| U.S. TM Reg. No. | Trademark |
| --- | --- |
| 4,948,078 |  |

THIS COURT FURTHER FINDS that Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114) and false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that:

1.  Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with Defendants be permanently enjoined and restrained from:

    a.  using the LMGM Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine LMGM product or not authorized by Plaintiffs to be sold in connection with the LMGM Trademark;

    b.  using, reproducing, displaying, or making commercial use of the LMGM Trademark in any manner without the express authorization of Plaintiffs;

    c.  passing off, inducing, or enabling others to sell or pass off any product as a genuine LMGM product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control or supervision of Plaintiffs and/or approved by Plaintiffs for sale under the LMGM Trademark;

d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized LMGM Products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

e. further infringing the LMGM Trademarks and damaging Plaintiffs' goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of Plaintiffs' trademarks, including the LMGM Trademark, or any reproductions, counterfeit copies or colorable imitations thereof.

2. The parties have agreed to an amount to be paid by Defendants to settle all claims, as memorialized in the parties' settlement agreement (the "Damages Amount"). Defendants have elected to pay the Damages Amount from funds currently frozen in their Walmart.com accounts.

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendants' accounts to Plaintiffs within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of the Damages Amount to Plaintiffs pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendants' Walmart.com stores and financial accounts pursuant to the Temporary Restraining and Preliminary Injunction Orders [Dkts. 28 and 32].

5.    This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6.    Each party shall bear its own attorney's fees and costs.

It is SO ORDERED

Dated: June 16, 2026
    New York, New York.

_____
Hon. Edgardo Ramos
United States District Judge